JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2274 PA (KKx) | Date | December 23, 2014 |
|---|---|---|---|
| Title | Peng Sun v. Mark Roy Dean, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

The Court is in receipt of a Notice of Removal lodged by defendant Mark Roy Dean ("Dean") on November 5, 2014. (Docket No. 1, Att. 4.) Plaintiff Peng Sun's ("Plaintiff") Complaint, filed in San Bernardino County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this case is removable under 28 U.S.C. § 1443(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

In his Notice of Removal, Dean asserts that the case is removable under 28 U.S.C. 1443(1) "in that the rules of evidence are applied without equal protection." Dean appears to argue that section 1443 applies in this case because "plaintiff is moving for judgment against Defendant[] even while Defendant is attempting to seek resolution with plaintiff," and that "[p]laintiff's counsel therefore has, in effect, used their knowledge of the law attempting to prevent Defendant from fully and accurately presenting his case."

This argument fails. To remove a case under section 1443(1), a defendant must satisfy a two-part test: "'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006). Dean has not satisfied either part of this test.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2274 PA (KKx) | Date | December 23, 2014 |
|---|---|---|---|
| Title | Peng Sun v. Mark Roy Dean, et al. | | |

    The Court hereby remands this action to San Bernardino County Superior Court, Case No. UDFS1405200.  <u>See</u> 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.